

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 24, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1146.

Re: Imposition of inheritance
taxes where surviving
spouse elects to take less
than community share un-
der deceased spouse's will
disposing of entire com-
munity estate.

Dear Mr. Calvert:

We quote the following excerpt from your letter of No-
vember 20, 1950:

"This department has under consideration the
correct inheritance tax due by the Estate of Enos Ray
Hart.

"Since there is a substantial difference in the
wills and the trusts set up under the wills in the T.G.
Hendrick's case covered by your Opinion No. V-704,
the Albert Handly case covered by your Opinion No.
0-5557, and the will made by Enos Ray Hart, I am re-
questing that you review the will of Enos Ray Hart and
advise this department whether the entire estate of
Enos Ray Hart, less the portion taken by the wife un-
der the will, is subject to the inheritance tax levied
by Article 7117 R. C. S."

By the terms of his last will and testament, Enos Ray
Hart undertook to dispose of the entire community estate of himself
and his surviving wife, Mary Elizabeth Hart; and Mrs. Hart was ex-
pressly required to elect whether she would take under the terms
of the will or claim her interest in the community estate. Mrs.
Hart has elected to take under the terms of the will, which makes
certain specific bequests and provides for the establishment of four
equal trust funds for the benefit respectively of Mrs. Hart and of
Mr. Hart's three children by a prior marriage. The trusts are to
terminate within a maximum period of five years from decedent's
death, at which time the beneficiaries will receive such corpus as
remains in the respective trusts. As a result of her election, Mrs.
Hart will receive less property than she would have received had
she chosen to claim her share in the community estate of herself
and Enos Ray Hart.

We quote again from your letter of November 20th:

"It is and has been the construction of this department that the entire estate of Enos Ray Hart, including the community property less the portion taken by the widow under the will, is subject to the inheritance tax levied under Article 7117. It is the contention of the attorneys representing the estate of Enos Ray Hart, deceased, that only one-half of the community portion of the estate of Enos Ray Hart is taxable. That the tax is determined by the rule established in your Opinion No. V-704. The attorneys, however, admit that there is a substantial difference between the will made and left by Enos Ray Hart, deceased, and the community and mutual last will of T. G. Hendrick and wife. We shall, therefore, thank you to advise in the premises."

Article 7117, V.C.S., declares that "All property within the jurisdiction of this State . . . which shall pass absolutely or in trust by will . . . shall, upon passing . . . be subject to a tax for the benefit of the State's General Revenue Fund. . . ." If any part of Mrs. Hart's one-half interest in the community estate passed to third parties "by will" within the meaning of the above quoted portion of Article 7117, your construction is correct. Otherwise, no part of her one-half interest in the community estate is subject to tax.

The provisions of Mr. Hart's will do, of course, differ from the provisions of Mr. Handly's will and from the provisions of Mr. Hendrick's will; but the only conclusion consistent with the holding of Att'y Gen. Op. 0-5557 (1943) and Att'y Gen. Op. V-704 (1948) is that no part of Mrs. Hart's interest in the community estate can be regarded as having passed by the will of Mr. Hart in the sense that it is subject to tax under Article 7117. In Opinion 0-5557, the surviving wife allowed her share of the community to pass into the testamentary trust created by Mr. Handly's will. Under the provisions of the trust, Mrs. Handly received a portion of the trust income for life. After her death, other beneficiaries were to receive the entire income and, ultimately, the corpus of the trust. Mrs. Handly's relinquishment of her community interest was viewed as a transfer or gift by her to take effect after her death. Therefore, the transfer could not have been taxable at her husband's death as passing by his will.

In Opinion V-704, the surviving wife had executed with Mr. Hendrick the joint will and trust instrument which was admitted to probate after Mr. Hendrick's death as his last will and testament. Mr. Hendrick's will disposed of the entire community estate and

established a million dollar trust fund. Various beneficiaries were to receive stated percentages of the income and, ultimately, of the corpus of the trust. Opinion V-704 held that by the terms of the joint, mutual, and contractual will Mrs. Handly had made a transfer or gift of part of her share of the community estate to the trust fund, the gift to take effect upon the happening of a limiting condition precedent, to wit, her husband's death, not hers. Such transfer was, therefore, not subject to tax at Mr. Hendrick's death as passing by his will.

After Mr. Hart's death, his surviving wife elected to take under his will. By her affirmative act in so electing, she effected a gift of such part of her share of the community estate as has passed to third parties. Such property was, therefore, not subject to tax at Mr. Hart's death as passing by his will.

## SUMMARY

Where the surviving spouse elects to take less than his or her share of the community property under a deceased spouse's will disposing of the entire community estate, no part of the surviving spouse's one-half interest in the community estate is subject to inheritance taxes as passing by the will of the deceased spouse.

Yours very truly,

PRICE DANIEL
Attorney General

By Marietta McGregor Creel
Mrs. Marietta McGregor Creel
Assistant

APPROVED:

W. V. Geppert
Taxation Division

Jesse P. Luton, Jr.
Assistant

Charles D. Mathews
First Assistant

MMC/mwb